UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN YATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHEESEBURGER RESTAURANTS, INC.,<br><br>　　　　　Defendant. | No. 2:22-cv-01081-DAD-DB<br><br>ORDER DENYING DEFENDANT'S AND PLAINTIFF'S REQUESTS TO SEAL<br><br>(Doc. Nos. 12-2, 14) |

　　　　On August 15, 2022, the previously assigned district judge granted defendant's initial request to seal its memorandum in support of its pending motion to dismiss and exhibits 1–3 of a defense counsel's declaration filed in support of defendant's motion to dismiss.[1] (Doc. Nos. 7–9.) On August 26, 2022, plaintiff filed his opposition to the pending motion to dismiss on the public docket in this action and that opposition brief quoted from several of the previously sealed exhibits.[2] (Doc. No. 12.) On September 6, 2022, defendant filed the pending notice of request to seal its reply brief in support of its pending motion to dismiss. (Doc. No. 14.) For the reasons

---

[1] This case was reassigned to the undersigned on August 25, 2022. (Doc. No. 10.)

[2] Somewhat bizarrely, despite filing his opposition on the docket, plaintiff concurrently filed a notice of his request to seal his opposition. (Doc. No. 12-2). Given that plaintiff's opposition has already been filed on the docket and has remained available to the public for nearly a year now, without either party raising concern that the opposition was not filed under seal, the court will deny plaintiff's request to seal as having been rendered moot.

1

explained below, the court will deny defendant's request to seal its reply brief.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[3]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal

/////

---

[3] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

>     certain judicial records, it must base its decision on a compelling
>     reason and articulate the factual basis for its ruling, without relying
>     on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.[4]

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**ANALYSIS**

Because defendant requests to seal its reply brief in support of its pending motion to dismiss, the "compelling reasons" standard plainly applies. Defendant's request to seal primarily relies on the reasoning articulated in defendant's request to seal its motion to dismiss and attached exhibits, which was granted by the previously assigned district judge. (*See* Doc. Nos. 7, 8, 14.)

In that initial request to seal, defendant contended that exhibits 1–3 of its counsel's declaration were comprised of "confidential agreements . . . between the parties and/or the parties and one or more non-parties" and that the signatories to those agreements, including the parties in this case, "agreed to maintain the confidentiality of the specific terms of the Agreements." (Doc. No. 7 at 2.) Defendant sought to seal its entire memorandum in support of its motion to dismiss and exhibits 1–3 of defendant's counsel's declaration because of "the parties' respective confidentiality obligations under the Agreements . . . and the competitive harm that could befall the parties (or other non-party signatories to the Agreements) through public disclosure." (*Id.*)

---

[4] While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

1  No further factual justification for sealing was provided, nor was any legal authority presented by
2  either party supporting the sealing of these documents.  These conclusory assertions that the
3  exhibits consist of "confidential agreements" and that public disclosure of those agreements
4  "could" result in "competitive harm" are insufficient to satisfy defendant's burden to articulate
5  compelling reasons that justify sealing exhibits 1–3, the legal memorandum filed in support of its
6  pending motion to dismiss, and its entire reply brief.  *See Hodges v. Apple Inc.*, No. 13-cv-01128-
7  WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair
8  advantage to competitors without explaining how a competitor would use the information to
9  obtain an unfair advantage is insufficient."); *Barney on behalf of ACADIA Pharms. Inc. v. Davis*,
10  No. 20-cv-00238-BAS-JLB, 2020 WL 4201664, at *1 (S.D. Cal. July 21, 2020) (finding that a
11  party's "vague reference to a confidentiality agreement is not sufficient, by itself, to meet the
12  compelling reasons standard"); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17-cv-
13  00205-MMA-MDD, 2020 WL 1911502, at *8 (S.D. Cal. Apr. 20, 2020) ("An agreement to treat
14  information designated by a third party as confidential under a protective order is insufficient to
15  justify sealing the information.").  In fact, as noted above, plaintiff publicly filed his opposition
16  brief, which quoted portions of defendant's sealed exhibits—without redactions—approximately
17  eleven months ago without any objection raised by defendant.  (*See* Doc. No. 12.)  If defendant
18  contends that public disclosure of exhibits 1–3 to its counsel's declaration and the quotation of
19  portions of those exhibits in the parties' motion to dismiss briefing will cause them harm, then
20  they must provide a factual basis for that assertion.  *See Kamakana*, 447 F.3d at 1182 ("When
21  *sealing* documents attached to a dispositive pleading, a district court must 'base its decision on a
22  compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or
23  conjecture.'") (citation omitted).
24        Accordingly, because defendant has failed to come forward with compelling reasons in
25  support of the sealing of its memorandum filed in support of its motion to dismiss, exhibits 1–3 of
26  its counsel's declaration, and its reply brief, defendant's request to seal (Doc. No. 14) will be
27  denied without prejudice.  In addition, the court concludes that the prior order granting
28  defendant's initial request to seal should now be unsealed.  *See* L.R. 141(f); Fed. R. Civ. P.

5.2(d). However, before the court unseals defendant's previously sealed documents, the court will provide defendant ten (10) days to either: (i) file renewed notices of its request to seal or redact that complies with the applicable legal standard as set forth herein and the Local Rules governing sealing and redactions; or (ii) file its reply brief (without redactions) and a notice that defendant does not object to the unsealing of the previously sealed documents in this case. *See also* L.R. 140, 141.

The court also notes that blanket sealing of an entire brief or document is generally inappropriate where only certain portions of the brief are subject to sealing, in which case the proponent shall request permission to file both a redacted version of the brief/document on the docket, as well as an unredacted version of the brief/document under seal. *See Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) ("Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected."); *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118-BEN-BLM, 2019 WL 1590470, at *2 (S.D. Cal. Apr. 12, 2019) ("The Court finds that Plaintiff has not narrowly tailored its request to seal to only those portions of Exhibit 1 that contain business, financial and technical information that would place the designating party at a competitive disadvantage."); *E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 WL 3769410, at *1 (E.D. Cal. Aug. 7, 2018) (denying a request to seal portions of a motion to dismiss and attached exhibit because the defendant failed to show compelling reasons justifying sealing or explain why discrete redactions in accordance with Local Rule 140 were not possible).

## CONCLUSION

For the reasons explained above,

1. Plaintiff's request to seal (Doc. No. 12-2) is denied as having been rendered moot;
2. Defendant's request to seal (Doc. No. 14) is denied, without prejudice; and

/////

/////

/////

/////

5

3.  Within ten (10) days from the date of entry of this order, defendant shall either: (i) file a renewed request to seal its reply brief and address the court's inclination to unseal the previously sealed documents; or (ii) file a notice of its intent not to object to the unsealing of the previously sealed documents and file its reply brief without redactions.[5]

IT IS SO ORDERED.

Dated:  **July 24, 2023**

UNITED STATES DISTRICT JUDGE

---

[5] Once these sealing related issues are resolved, the court intends to soon thereafter issue an order addressing the pending motion to dismiss.