UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN YATES,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEESEBURGER RESTAURANTS, INC.,<br><br>    Defendant. | No. 2:22-cv-01081-DAD-DB<br><br>ORDER DENYING DEFENDANT'S RENEWED REQUEST TO SEAL AND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 22) |

On July 25, 2023, the court denied defendant's and plaintiff's requests to seal their reply and opposition briefs to the pending motion to dismiss, respectively, and concluded that the previous order granting of defendant's initial request to seal its motion to dismiss papers, including three attached exhibits, was not well-supported.[1]  (Doc. No. 21).  The court also directed defendant to either file (i) a renewed request to seal its motion to dismiss papers, including the three attached exhibits, and its reply brief, or (ii) a notice of intent not to object to the court's unsealing of the previous sealed documents and its reply brief without redactions.  (*Id.* at 6.)  On August 4, 2023, defendant filed a notice of its renewed request to seal and redact certain documents in support of its pending motion to dismiss.  (Doc. No. 22.)  For the reasons

---

[1] This case was reassigned to the undersigned on August 25, 2022.  (Doc. No. 10.)

1

explained below, the court will deny defendant's renewed request to seal.

In addition, after reviewing plaintiff's complaint, the court will issue an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The court will resolve defendant's pending request to seal first, and then explain the reasons it finds that subject matter jurisdiction is lacking based on its review of the allegations in plaintiff's complaint.

**REQUEST TO SEAL**

**A.      Legal Standard**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[2]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

---

[2] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

Under the "compelling reasons" standard applicable to dispositive motions, such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.[3]

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**B.      Whether Defendant Has Presented Compelling Reasons for its Request to Seal**

In its renewed request to seal, defendant seeks to seal exhibits 1–3, which are attached to its motion to dismiss, in their entirety and proposes the filing of redacted versions of its motion to dismiss and reply papers to eliminate all references to exhibits 1–3. Because defendant's pending request concerns its motion to dismiss, a dispositive motion, the "compelling reasons" standard applies.

As explained in defendant's renewed request to seal, exhibits 1–3 are "confidential agreements" between plaintiff, defendant, and one or more nonparties that collectively govern the parties' use of the trademark MARGARITAVILLE. (Req. at 2.) Defendant contends that the

---

[3] While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

3

three agreements should be sealed for two reasons. First, defendant argues that each of the three agreements contains a provision prohibiting the signatories from disclosing the terms of the agreement, subject to certain exceptions. However, defendant fails to provide any legal authority supporting this argument and the court's own research indicates such a conclusory assertion is insufficient to support a sealing request. *See Grano v. Sodexo Mgmt., Inc.*, No. 3:18-cv-01818-RSH-BLM, 2022 WL 3371621, at *2 (S.D. Cal. Aug. 16, 2022) ("[T]he fact that parties contract or agree to treat certain information or material as confidential is an insufficient basis in and of itself for a court to seal a judicial record and override the public's interest in understanding the judicial process."); *Helix Env't Plan., Inc. v. Helix Env't & Strategic Sols.*, No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *2 (S.D. Cal. Jan. 13, 2021) (denying a request to seal and explaining that a "conclusory statement that the agreement contains a confidentiality clause, without more, does not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents") (internal quotations omitted); *Intermec, Inc. v. Int'l Bus. Machines Corp.*, No. 11-cv-00165-JCC, 2011 WL 13121690, at *6–8 (W.D. Wash. Dec. 9, 2011) (denying a request to seal several contractual agreements between the parties and non-parties despite those agreements containing "confidentiality provisions"), *rev'd in part, vacated in part on other grounds*, 552 F. App'x 687 (9th Cir. 2014). Moreover, defendant fails to address any of the exceptions included in the confidentiality clauses of the three agreements that specifically permit disclosure in certain situations, including "as may be required by law" and "as may be required by legal process." (Doc. Nos. 9-2 at 10; 9-3 at 3; 9-4 at 5); *see also Intermec, Inc.*, 2011 WL 13121690, at *7 (denying a request to seal where the "agreements specifically recognize the fact that disclosure of the agreements may be necessary in connection with court actions" and noting that "[s]ophisticated actors understand that contracts are subject to enforcement in public venues").

      Second, although defendant admits that the existence and "basic structure" of the three agreements attached as exhibits 1–3 to the motion to dismiss are alleged in the complaint, defendant nonetheless contends the public disclosure of them "would cause competitive harm to the parties and or the non-party signatories." (Req. at 3.) Specifically, defendant argues that if

4

competitors gained access to the scope of defendant's rights associated with the trademark and the consideration defendant paid for its rights to the trademark, it would unfairly disadvantage defendant or plaintiff in future negotiations to sell the trademark.  (*Id.*)  Defendant also contends that this risk is not speculative because, as alleged in the complaint, plaintiff has engaged in negotiations with non-party Margaritaville Enterprises, LLC concerning the trademark, and if Margaritaville Enterprises, LLC obtained knowledge of the "precise contours" of the three agreements and the "consideration paid" it would give them "an immediate upper hand" in those negotiations.[4]  (*Id.*)  Although defendant contends that only the "precise scope of [defendant's] rights" and the "consideration paid" by defendant to plaintiff for those rights could cause it harm, defendant does not seek a targeted redaction of such information contained in exhibits 1–3.  Rather, despite the court's warning in its prior order that the "blanket sealing of an entire brief or document is generally inappropriate where only certain portions of the brief are subject to sealing," defendant again seeks a blanket sealing of exhibits 1–3 without articulating specific and compelling reasons justifying such a sweeping sealing order.  (Doc. No. 21 at 5) (citing cases).  Indeed, defendant even fails to address the court's observation that plaintiff's opposition brief contains references to exhibits 1–3 but has remained on the public docket in this case for nearly a year.[5]  (*Id.* at 4.)  Nor does defendant explain why it is necessary to seal exhibit 1 when Margaritaville Enterprises, LLC, the purported third party in negotiations to purchase the trademark, is alleged to be the successor-in-interest to a signatory of that agreement.  (Doc. Nos. 1 at ¶ 7; 9-2 at 10–12.)

Defendant's pending request is also distinguishable from those granted in the cases cited by defendant in support of its renewed request to seal.  *See In re Elec. Arts, Inc.*, 298 F. App'x

---

[4] The court observes that although plaintiff is purportedly engaged in negotiations with Margaritaville Enterprises, LLC and would benefit financially from those negotiations as stated in the settlement agreement attached to the complaint (Doc. No. 1 at 8–9), it has not filed any brief in support of sealing exhibits 1–3 and filed its opposition brief referencing portions of the agreements in exhibits 1–3 on the public docket nearly one year ago (Doc. No. 12).

[5] Notably, defendant does not seek the sealing of the plaintiff's opposition brief in its pending request to seal.

568, 569 (9th Cir. 2008)[6] (reversing a district court's denial of a request to seal a trial exhibit and finding that "the pricing terms, royalty rates, and guaranteed minimum payment terms found in paragraph 6 of the 2006 Licensing Agreement . . . fall[] within the definition of 'trade secrets'" and ordering that a redacted version of the trial exhibit "not containing paragraph 6 . . . may be made available to the public"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224 (Fed. Cir. 2013) (finding that district court abused its discretion in refusing to seal "confidential financial information" regarding products where the parties sought "to redact limited portions of documents" and the "the parties' declarations [] described [in detail] the harm they would suffer if their product-specific financial information were made public and therefore available to their competitors and suppliers").  Unlike the decisions in *In re Electronic Arts* and *Apple*, defendant does not contend that any of the information contained in exhibits 1–3 constitute trade secrets, nor does it appear that the one-time price paid for certain rights to a trademark fall within that definition. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'"). Defendant has failed to provide a declaration setting forth facts detailing the purported competitive harm to its business, or to propose a targeted redaction of the supposedly harmful information, as in *In re Electronic Arts* and *Apple*.  Rather, defendant's renewed request to seal relies exclusively on an argument that the wholesale sealing of exhibits 1–3 is appropriate, despite this court's warning that such blanket sealing is generally inappropriate. *Cf. SuccessFactors, Inc. v. Softscape, Inc.*, No. 08-cv-01376-CW-BZ, 2008 WL 3876472, at *1 (N.D. Cal. Aug. 19, 2008) (explaining that under the lesser "good cause" standard for sealing, "[w]here a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position" [and] "[t]hat showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm").  Due to defendant's failure to provide an adequate factual showing

---

[6] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

6

regarding the alleged competitive harm to its business, the court lacks a compelling and articulated factual basis to authorize the sealing of exhibits 1–3 in their entirety. *See Kamakana*, 447 F.3d at 1182 ("When *sealing* documents attached to a dispositive pleading, a district court must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'") (citation omitted); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (vacating a district court's grant of a motion to seal for failing to provide specific, articulated explanations).

Finally, because defendant has failed to present "compelling reasons" in support of the requested sealing of exhibits 1–3 in their entirety, the court also lacks a basis upon which to seal the highlighted portions of defendant's motion to dismiss and reply briefs that reference statements from those exhibits. *See Kamakana*, 447 F.3d at 1179 (explaining that there is a "strong presumption of access to judicial records [that] applies fully to dispositive pleadings, including motions for summary judgment and related attachments").

Accordingly, defendant's renewed request to seal will be denied. Before the court directs the Clerk of the Court to unseal the motion to dismiss and exhibits 1–3 (Doc. No. 9), defendant will be given ten (10) days to either: (i) file a notice withdrawing the pending motion to dismiss; or (ii) file a notice that it intends to proceed with its motion to dismiss notwithstanding the unsealing of the motion to dismiss and exhibits 1–3 and an unredacted copy of its reply brief. If defendant chooses to withdraw its pending motion to dismiss, the court will strike all of defendant's filings in connection with that motion as well as plaintiff's opposition brief from the docket.

**ORDER TO SHOW CAUSE**

On June 23, 2022, plaintiff Steven Yates, a California resident, filed this action seeking a declaratory judgment that he still maintains all his rights under a licensing agreement regarding the use of a trademark that plaintiff entered into with defendant Cheeseburger Restaurants, Inc., a California corporation. (Doc. No. 1.) In plaintiff's complaint, he asserts a single cause of action for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. (*Id.* at ¶¶ 4, 20–24.) Specifically, plaintiff seeks a declaratory judgment that the licensing agreement between

plaintiff and defendant was not terminated (despite defendant's contention to the contrary), and that plaintiff maintains all rights and obligations arising under the terms of the licensing agreement, including the right to assign his license to third parties. (*Id.* at ¶ 24.)

In evaluating plaintiff's complaint, the court has independently become concerned that any statutory basis conferring federal subject matter jurisdiction over plaintiff's declaratory judgment action may be lacking. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an [Article] III as well as a statutory requirement."). Although neither party has raised the jurisdictional issue, the court is duty-bound to ensure that jurisdiction exists.[7] *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts do not usually raise claims or arguments on their own.  But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). The court must therefore determine whether federal subject matter jurisdiction is present in this declaratory judgment action. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (explaining that when a court is faced with an action brought under the Declaratory Judgment Act, "the district court must first inquire whether there is an actual case or controversy *within its jurisdiction*") (emphasis added).

In his complaint, plaintiff alleges that "this litigation arises under federal law, namely 15 U.S.C. § 1051 et seq. (Lanham Act)" and therefore the court "has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act)." (Doc. No. 1 at ¶ 4.)  As an initial matter, "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005); *see also Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 702 (9th Cir. 2022) ("The Declaratory Judgment Act

---

[7] The court notes that defendant's pending motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(1), but defendant's argument is that plaintiff's complaint "fails to establish a real and immediate case or controversy warranting this Court's exercise of declaratory judgment jurisdiction." (Doc. No. 6 at 2.)  In this order to show cause, the court addresses only the court's possible lack of a statutory basis for subject matter jurisdiction over plaintiff's complaint.

is a procedural device only and requires a separate independent basis for jurisdiction."). Moreover, plaintiff's allegation that there is federal question (28 U.S.C. § 1331) and trademark jurisdiction (28 U.S.C. § 1338(a)) is belied by other allegations in his complaint.[8]

"Federal question jurisdiction covers cases 'arising under the Constitution, laws, or treaties of the United States.'" *Unite Here Loc. 30*, 35 F.4th at 702 (quoting 28 U.S.C. § 1331). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002). "The well-pleaded complaint rule applies to declaratory judgment cases such as the present one." *Id.* at 1089.

However, "[f]or declaratory judgments, 'courts apply the well-pleaded complaint rule to the impending or threatened action, rather than the complaint seeking declaratory relief.'" *Unite Here Loc. 30*, 35 F.4th at 702 (citation omitted); *see also Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) ("A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there."). To perform this analysis, the court "can reposition the parties in a declaratory relief action by asking whether we would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy." *Saklad*, 127 F.3d at 1181. "In other words, 'the character of the threatened action, and not of the defense' determines whether there is federal-question jurisdiction." *Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019) (quoting *Atay v. Cnty. of Maui*, 842 F.3d 688, 697–98 (9th Cir. 2016)).

Here, the only federal law mentioned in plaintiff's complaint that might form the basis for defendant's threatened action is the Lanham Act, 15 U.S.C. § 1051, *et seq*. (Doc. No. 1 at ¶ 4.) However, the specific relief sought by plaintiff in his complaint concerns establishing rights

---

[8] The Ninth Circuit has held that the same principles for federal question jurisdiction, 28 U.S.C. § 1331, apply to trademark jurisdiction under 28 U.S.C. § 1338(a) for purposes of the well-pleaded complaint rule. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485–86 (9th Cir. 1996) ("Because section 1338 contains the same 'arising under' language as appears in section 1331, the Supreme Court has held that the principles outlined in the section 1331 cases are equally applicable to section 1338."). Thus, these two bases of statutory jurisdiction are to be treated as one in the same.

under the licensing agreement: plaintiff seeks a declaratory judgment that the licensing agreement "was not terminated" and that plaintiff "maintains all rights and obligations arising under the terms of the" licensing agreement. (Doc. No. 1 at ¶ 24.) Plaintiff alleges that he seeks this relief because defendant contends that plaintiff "breached" the licensing agreement and that the purported breach resulted in the termination of the licensing agreement. (*Id.* at ¶¶ 22–23.) Were defendant to bring an action based on related allegations, it would be for a breach of contract. In fact, in his complaint plaintiff alleges that he brought this action after the parties failed to follow through on a settlement agreement reached in a prior state court breach of contract action brought by defendant regarding the licensing agreement. (*See id.* at ¶¶ 17–19.) Specifically, plaintiff alleges that in prior litigation initiated in 2018, defendant filed a complaint in Santa Cruz County Superior Court "alleging, among other things, that [plaintiff] . . . breached the [l]icensing [a]greement . . . [and that] the [l]icensing [a]greement was terminated as a result of the alleged breach." (*Id.* at ¶ 14.) Plaintiff, in the prior state court litigation, allegedly denied defendant's allegations and "filed a cross-complaint for declaratory relief." (*Id.* at ¶ 15.) This prior dispute—brought as a breach of contract action in state court by defendant—is essentially the same dispute before this federal court in this action due to the parties' failure to follow through on the settlement agreement reached in that prior lawsuit.[9]

Notably, there is no mention of any potential Lanham Act claim or any other kind of federal claim in the complaint, aside from the single conclusory allegation under the complaint's "jurisdiction" heading. That lone conclusory allegation is plainly insufficient because a case, such as this one, involving a contract dispute does not automatically give rise to a federal claim under the Lanham Act merely because the subject of the contract involves a trademark. *See Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) (holding that there was no federal jurisdiction when an "action fundamentally asserts contract claims and only incidentally involves the Lanham Trade-Mark Act" because "the mere existence of the protected trade name and

---

[9] Indeed, plaintiff's opposition brief to the pending motion refers to "[t]he *contract dispute* between [p]laintiff and [d]efendant" and the "need for a judicial determination of the parties' rights and obligations under" the licensing agreement. (Doc. No. 12 at 4) (emphasis added).

10

attendant symbol herein does not provide a basis for federal jurisdiction"); *see also Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985–86 (9th Cir. 2003) ("[I]t is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists. Federal courts have consistently dismissed complaints in copyright cases presenting only questions of contract law.") (internal citation omitted). Nor are there any allegations in the complaint suggesting that defendant has a colorable Lanham Act claim. *See also Stratta v. George Duke Enters., Inc.*, No. 96-cv-02720-SS, 1997 WL 282250, at *5 (S.D.N.Y. May 27, 1997) ("The Lanham Act should not be used to transform a breach of contract dispute into a federal cause of action."); *Thousand Island Park Corp. v. Welser*, 314 F. Supp. 3d 391, 398 (N.D.N.Y. 2018) ("[C]ourts have repeatedly cautioned against permitting parties to misuse the Lanham Act by making a federal case out of an otherwise garden-variety contract dispute").

At bottom, nothing alleged in plaintiff's complaint indicates that defendant's potential action against plaintiff would require pleading and proving a violation of federal law to vindicate its rights under the licensing agreement. *See Saklad*, 127 F.3d at 1181 (explaining that courts have federal question jurisdiction in declaratory relief actions when "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights") (citation and quotations omitted). Indeed, courts regularly dismiss declaratory judgment actions mentioning federal rights that do not satisfy the well-pleaded complaint rule when applied to the defendant's threatened action. *See, e.g.*, *Marco Bicego S.P.A. v. Kantis*, No. 17-cv-00927-SI, 2017 WL 3968242, at *3 (N.D. Cal. Sept. 8, 2017) (dismissing a complaint seeking declaratory relief for failure to allege an independent basis of statutory jurisdiction where the plaintiff merely alleged that the case had "a foundation in intellectual property laws"); *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1108 (E.D. Cal. 2017) (concluding that "there is no federal-question jurisdiction under the well-pleaded complaint rule, and the Court lacks subject matter jurisdiction over this action" where "[p]laintiffs' declaratory relief action seeks a determination under the [Fair Labor Standards Act] as a defense to [defendant's] coercive claim for contractual indemnity").

/////

Accordingly, plaintiff is directed to file a document with this court stating whether his declaratory judgment claim is predicated on a threatened potential claim by defendant that arises from the Constitution, laws, or treaties of the United States and to identify the specific federal basis for defendant's threatened potential claim. If plaintiff's document provides a sufficient showing that there is federal subject matter jurisdiction, the court will grant plaintiff leave to file a first amended complaint to adequately allege that there is federal subject matter jurisdiction over his action. In the event plaintiff is unable to allege federal subject matter jurisdiction or fails to respond, plaintiff is advised that his complaint will be dismissed.

## CONCLUSION

For the reasons explained above,

1. Defendant's request to seal (Doc. No. 22) is denied;

2. Within ten (10) days from the date of entry of this order, defendant shall either: (i) file a notice withdrawing its pending motion to dismiss (Doc. No. 6); or (ii) file a notice that it intends to proceed with its motion to dismiss notwithstanding the court's unsealing of its motion to dismiss and exhibits 1–3 and an unredacted copy of its reply brief; and

3. Plaintiff is ordered to show cause within seven (7) days of the date of entry of this order as to why his case should not be dismissed for lack of subject matter jurisdiction by filing a document with this court stating whether his declaratory judgment claim is predicated on a threatened potential claim by defendant that arises from the Constitution, laws, or treaties of the United States and to identify the specific federal basis for defendant's threatened potential claim.

IT IS SO ORDERED.

Dated: **August 13, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE