UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN YATES,<br><br>  Plaintiff,<br><br>  v.<br><br>CHEESEBURGER RESTAURANTS, INC.,<br><br>  Defendant. | No. 2:22-cv-01081-DAD-DB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING THIS ACTION |

On August 14, 2023, the court issued an order requiring plaintiff to show cause in writing as to why this action should not be dismissed due to lack of subject matter jurisdiction ("OSC"). (Doc. No. 23.) In particular, the court explained in detail that plaintiff's complaint did not appear to present a statutory basis for subject matter jurisdiction because it concerned a contractual dispute between California residents. (*Id.* at 7–12.) In the OSC, the court directed plaintiff to file "a document with this court stating whether his declaratory judgment claim is predicated on a threatened potential claim by defendant that arises from the Constitution, laws, or treaties of the United States and to identify the specific federal basis for defendant's threatened potential claim." (*Id.* at 12.) The OSC further provided that if plaintiff "is unable to allege federal subject matter jurisdiction or fails to respond, plaintiff is advised that his complaint will be dismissed." (*Id.*)

On August 21, 2023, plaintiff filed a response to the OSC. (Doc. No. 24.) Plaintiff's response entirely fails to address the subject matter jurisdiction deficiencies identified by the

1 court in its OSC.  Rather, plaintiff's response merely addresses arguments regarding Article III's
2 case and controversy requirement, arguments raised by defendant in its pending motion to
3 dismiss, which were not the subject of the court's OSC.  (*See* Doc. Nos. 6, 23.)  In fact, it appears
4 that plaintiff simply refiled his opposition brief to defendant's pending motion to dismiss as his
5 response to the court's OSC with minimal stylistic modifications and no changes of substance.[1]
6 (*Compare* Doc. No. 24 *with* Doc. No. 12.)  At most, plaintiff's response to the OSC merely
7 restates plaintiff's assertion that "this Court has jurisdiction under 17 [sic] U.S.C. § 1051 et seq.
8 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28
9 U.S.C. § 2201 (Declaratory Judgment Act)," which is the exact allegation in the operative
10 complaint that the court found to be insufficient allegation of federal subject matter jurisdiction.
11 (*See* Doc. No. 23 at 8.)   Given plaintiff's wholly insufficient response to the lack of subject
12 matter jurisdiction identified by the court in its OSC, the court can only conclude that plaintiff is
13 unable to adequately allege a statutory basis for this federal court's subject matter jurisdiction
14 over this action.

15 Therefore, the court will be dismissing this action due to its lack of subject matter
16 jurisdiction and denying defendant's pending motion to dismiss (Doc. No. 6) as having been
17 rendered moot by this order.  However, the court will not yet be closing the case in order to
18 provide defendant an opportunity to respond to the court's directive in its August 14, 2023 order
19 regarding documents that defendant sought to seal in connection with its motion to dismiss.
20 (Doc. No. 23 at 7, 12.)  In light of the developments in this case, however, the court is modifying
21 its directive to defendant as follows:  by September 5, 2023, defendant must file a status report
22 with the court indicating whether it:  (i) formally withdraws its motion to dismiss; and (ii) agrees
23 that all documents related to that motion (Doc. Nos. 6, 9, 12), including the attachment to
24 plaintiff's response to the OSC (Doc. No. 24-1), should be stricken from the docket.
25 Alternatively, if defendant disagrees with the court's proposed resolution of the outstanding issue,
26 defendant shall indicate its proposed alternative course of action.

---

[1] In addition, plaintiff attached to its response two of the three agreements that were the subject of defendant's renewed request to seal.  (Doc. No. 24-1.)

Accordingly,

1. The order to show issued on August 14, 2023 (Doc. No. 23) is discharged;

2. This action is dismissed, without prejudice, due to lack of subject matter jurisdiction;

3. The pending motion to dismiss (Doc. No. 6.) is denied as having been rendered moot by this order; and

4. By September 5, 2023, defendant must file a status report with the court indicating whether it: (i) formally withdraws its motion to dismiss; and (ii) agrees that all documents related to that motion, including the attachment to plaintiff's response to the OSC (Doc. No. 24-1), should be stricken from the public docket.

IT IS SO ORDERED.

Dated:  **August 22, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE